IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARKUS EVANS,

    Plaintiff,

v.

GARY BOUGHTON, et al.,

    Defendants.

ORDER

Case No. 17-cv-181-wmc

In response to the order entered on March 10, 2017, plaintiff Markus Evans has submitted a certified inmate trust fund account statement along with a motion to pay the filing fee from his release account funds. In his motion, plaintiff asks that he not be assessed an initial partial filing fee and not be placed on a payment plan or have any funds taken from his regular account. The court will construe his motion also to be requesting to proceed without prepayment of the filing fee. Accordingly, the court must determine whether plaintiff qualifies for indigent status and, if so, calculate an initial partial payment of the $350.00 fee for filing this case. Plaintiff's request to imposition of the initial partial filing fee and payment plan will be denied, but the court will permit this case to proceed if plaintiff submits the initial partial filing fee as directed below.

There is no federal law permitting this court to require state officials to submit the entire filing fee by accessing a prisoner's release account funds. It is only when a prisoner's general account has insufficient funds to pay an initial partial filing fee payment that the Prisoner Litigation Reform Act ("PLRA") permits this court to order an institution to access a prisoner's release account funds to satisfy that payment. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). Furthermore, 28 U.S.C. § 1915 dictates the manner in

which prisoner filing fees are to be paid and collected. If a prisoner requests leave to proceed *in forma pauperis,* the prisoner must first pay an initial partial payment of the filing fee and then send the remainder of the fee to the court in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2). The court has no authority to modify the statute's requirements and collect the full filing free from plaintiff's release account.

Using the information from plaintiff's trust fund account statement, I find that plaintiff qualifies for indigent status. I calculate plaintiff's initial partial filing fee to be $89.69. For this case to proceed, plaintiff must submit this amount on or before April 24, 2017.

If plaintiff does not have enough money to make the initial partial payment from his regular account, plaintiff should arrange with prison authorities to pay the remainder of the initial partial payment from his release account. Thereafter, plaintiff will be required to pay the remaining balance of the filing fee in installments.

ORDER

IT IS ORDERED that

1. Plaintiff Markus Evans is assessed $89.69 as an initial partial payment of the $350.00 fee for filing this case. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $89.69 or advise the court in writing why he is not able to submit the assessed amount on or before April 24, 2017.

2. If, by April 24, 2017, plaintiff fails to make the initial partial payment or show cause for failure to do so, plaintiff will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff filing this case at a later date.

3. Plaintiff's motion to use his release account funds and not be assessed an initial partial filing fee or placed on a payment plan is DENIED.

4. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the Prisoner Litigation Reform Act, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 7th day of April, 2017.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge